Sukhveer S. Girn (aka Prince Singh Girn), CSB #332145
RAI & ASSOCIATES
235 MONTGOMERY STREET, SUITE 860
SAN FRANCISCO, CA 94104
TEL:   (415) 693-9131
FAX:   (415) 693-9135
ATTORNEY FOR PETITIONER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GURLEEN SINGH,<br><br>                    Petitioner,<br><br>        v.<br><br>**WARDEN**, Cass County Jail, Plattsmouth, Nebraska, **FIELD OFFICE DIRECTOR**, Omaha Field Office, U.S. Immigration and Customs Enforcement (ICE); **TODD M. LYONS**, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE); **KRISTI NOEM**, in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS); **PAMELA BONDI**, in her official capacity as Attorney General of the United States,<br>                    Respondents. | Case No. _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## I.   INTRODUCTION

Petitioner Gurleen Singh brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to remedy his ongoing unlawful custody and restraint on liberty by Respondents. Petitioner is in physical custody of Respondents at the Cass County Jail in Plattsmouth, Nebraska. He now faces unlawful detention because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have not given him a pre-deprivation hearing before taking away his liberty interest.

Petitioner entered the United States on or about April 27, 2023, at or near Lukeville, Arizona. He was apprehended shortly after his entry but was released on an immigration bond on or about May 15, 2023, for the purpose of continuing his removal proceedings. U.S. Immigration and Customs Enforcement ("ICE") issued a Notice of Custody Determination pursuant to INA § 236 on May 15, 2023. Petitioner was re-arrested by ICE on March 2, 2026, and remains in custody without a constitutionally adequate custody determination by a neutral decisionmaker.

Before re-detaining him on March 2, 2026, Respondents did not provide Petitioner with any written notice explaining the basis for the revocation of his release. Petitioner was in the cab of a semi-truck with his co-worker when a highway patrol officer in Council Bluffs, Iowa stopped Petitioner and his co-worker. The highway patrol officer engaged with Petitioner who then was placed in handcuffs. The highway patrol officer then called ICE officers who then took petitioner away to detention. Nor did they provide a hearing before a neutral decision maker, specifically a pre-deprivation hearing, where ICE was required to justify the basis for re-detention or explain why Petitioner is a flight risk or danger to the community.

PETITION FOR WRIT OF HABEAS CORPUS - 1

Petitioner has been in ICE custody since March 2, 2026, and is currently detained at the Cass County Jail in Plattsmouth, Nebraska. Petitioner remains detained without a lawful statutory basis, without bond eligibility, and without any procedural endpoint.

His physical detention and the associated restraints on liberty constitute "custody" for habeas purposes. Removal proceedings remain pending; no final order of removal exists, and ICE has never afforded Petitioner a neutral custody redetermination hearing. As a result, Petitioner's continued detention violates due process and exceeds ICE's lawful authority.

As a result, Petitioner is trapped in custody with no available administrative mechanism for release, leaving habeas corpus as his only avenue for relief. With absent intervention by this Court, Petitioner's detention will continue indefinitely. This detention is arbitrary, unlawful, and unconstitutional.

As courts in this district have recently held in multiple cases, due process demands a hearing prior to the government's decision to terminate a person's liberty. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners" prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25- cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB- EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025)

PETITION FOR WRIT OF HABEAS CORPUS - 2

(same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025)

Petitioner respectfully requests that the Court terminate his unlawful detention and restraints and order his immediate release.

## II.    JURISDICTION

This action arises under the Constitution of the United States, the Immigration and Nationality Act (INA), 8 U.S.C. § 1101, et seq., and the habeas corpus statutes, 28 U.S.C. § 2241, et seq. 8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All-Writs Act, 28 U.S.C. § 1651.

## III.    VENUE

Venue is proper because Petitioner is in Respondents' custody at the Cass County Jail. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493–500 (1973), venue lies in the judicial district in which the Petitioner is currently is in custody.

Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the District of Nebraska.

## IV.    REQUIREMENTS OF 28 U.S.C. §§ 2241 AND 2243

The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless Petitioner is not entitled to relief. 28 U.S.C. §

2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.,* 208 F.3d 1116, 1120 (9th Cir. 2000) (citing *Ruby v. United States,* 341 F.2d 585, 587 (9th Cir. 1965)); see also *Van Buskirk v. Wilkinson,* 216 F.2d 735, 737–38 (9th Cir. 1954) (habeas corpus is "a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination").

## V.   EXHAUSTION

Exhaustion is prudential, not jurisdictional, in immigration habeas cases. Petitioner's only appropriate remedy is immediate release as the Government did not provide Petitioner with a pre-deprivation hearing. Requiring further exhaustion would be futile and would subject Petitioner to continued unlawful detention without effective relief.

## VI.   PARTIES

1. Petitioner: Gurleen Singh, an adult noncitizen currently detained by ICE at the Cass County Jail;
2. Respondent: WARDEN, Cass County Jail;
3. Respondent FIELD OFFICE DIRECTOR, Omaha Field Office, U.S. Immigration and Customs Enforcement (ICE);

PETITION FOR WRIT OF HABEAS CORPUS - 4

4. Respondent TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE);

5. Respondent KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS);

6. Respondent PAMELA BONDI, in her official capacity as Attorney General of the United States.

All Respondents are sued in their official capacities.

## VII. FACTUAL AND PROCEDURAL BACKGROUND

### A. Arrest and Initiation of Removal Proceedings

1. Petitioner was arrested by ICE on or about April 27, 2023, shortly after entering the United States without inspection, and was released on bond on May 15, 2023;

2. On May 2, 2023, DHS served Petitioner with a Notice to Appear (Form I-862) charging him as removable under INA § 212 (a)(6) (A) (i).

3. On or about March 2, 2026, ICE re-arrested Petitioner when he and his coworker were stopped by a highway patrol officer in Council Bluffs, Iowa and petitioner was detained and taken away to detention by ICE. He did not receive written notice of the reason for his re-detention.

4. Prior to the Petitioner's re-arrest, ICE did not assess whether he presented a flight risk or danger to the community, or whether his re-arrest was justified for some other reason.

5. Prior to Petitioner's re-detention, he never received a hearing before a neutral decision maker to determine if his re-detention is justified, specifically a pre-deprivation hearing, and he has remained in ICE custody since that date.

//

PETITION FOR WRIT OF HABEAS CORPUS - 5

### B. Notice of Custody Determination

1. On May 15, 2023, ICE issued a Notice of Custody Determination (Form I-286) pursuant to INA § 236.

2. The Notice reflects that Petitioner was to be released on a $5,000 bond and was released under ICE's discretionary custody authority.

### C. Current Custody and Ongoing Proceedings

1. Petitioner's removal proceedings remain pending, and no final order of removal has been entered.

2. Prior to Petitioner being detained, Petitioner's case was pending with the Concord Immigration Court.

3. Petitioner's current case is pending before the Omaha Immigration Court and he is scheduled for a master hearing on April 1, 2026.

4. Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal within the filing 1-year filing deadline, which remains pending.

### VIII. LEGAL FRAMEWORK

Due process requires that if DHS seeks to re-arrest a person like Petitioner—who has lived in the United States for years without incident after DHS first released him, and has attended all required immigration check-ins and complied with the terms of his release—the government must afford a pre-deprivation hearing before a neutral decisionmaker to determine whether re-detention is justified, and whether the person is a flight risk or danger to the community.

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); see also *Demore v. Kim*, 538 U.S. 510, 517 (2003).

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that Clause protects." *Id*. at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of parole. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for it providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id*. Courts have recognized that typically, the term "released on their own recognizance" refers to conditional

parole. *Id.*; see also *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Castellon*, 2025 WL 2373425, at *4; *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025). While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). See *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer,* 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after his initial apprehension reflected a determination by the government that he was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless he no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd sub nom. *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when he crossed the border into the United States . . . ICE then released him on his own recognizance. If

ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined he was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that his liberty would not be revoked unless he "failed to live up to the conditions of his release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that he remain neither a danger to the community nor a flight risk. . . . Accordingly, [Petitioner's] private interest in retaining his liberty is significant. *Pinchi, 792 F. Supp. 3d at 1034-35.*

Several district courts have followed suit and found due process violations where the petitioners in the cases were specifically identified to be released under Order of Release on Recognizance. See *C.A.R.V. v. Wofford*, No. 1:25-CV01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where petitioner was originally released on OREC); *Leiva Flores*, 2025 WL 3228306, at *5 (similarly finding procedural due process violation for petitioner released on OREC and requiring hearing before detention); *Faizyan*, 2025 WL 3208844, at *7 (same).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty protected by the Due Process Clause." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Consistent with this principle, individuals released on parole or other forms of conditional release have a liberty interest in their "continued liberty." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Such liberty is protected by the Fifth Amendment because, "although indeterminate, [it] includes many of the core values of unqualified liberty," such as the ability to be gainfully employed and live with family, "and its termination inflicts a 'grievous loss' on the [released individual] and often on others." *Id*.

PETITION FOR WRIT OF HABEAS CORPUS - 9

To protect against arbitrary re-detention and to ensure the right to liberty, due process requires "adequate procedural protections" that test whether the government's asserted justification for a noncitizen's physical confinement "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas,* 533 U.S. at 690 (citation modified).

Due process thus guarantees notice and an individualized hearing before a neutral decisionmaker to assess danger or flight risk before the revocation of an individual's release. *Goldberg v. Kelly,* 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard . . . . at a meaningful time in a meaningful manner." (citation modified)); see also, e.g., *Morrissey*, 408 U.S. at 485 (requiring "preliminary hearing to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed . . . a violation of parole conditions" and that such determination be made "by someone not directly involved in the case" (citation modified)).

### IX.    CLAIM FOR RELIEF

### Violation of Fifth Amendment Right to Due Process

### Procedural Due Process

Petitioner restates and realleges all the prior paragraphs as if fully set forth herein. Due process does not permit the government to re-detain Petitioner and strip him of his liberty without written notice and a pre-deprivation hearing before a neutral decisionmaker to determine whether re-detention is warranted based on danger or flight risk. See *Morrissey*, 408 U.S. at 487–88. Such written notice and hearing must occur prior to any re-detention.

Respondents revoked Petitioner release and deprived him of liberty without providing him written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to

PETITION FOR WRIT OF HABEAS CORPUS - 10

his re-detention. Accordingly, Petitioner's re-detention violates the Due Process Clause of the Fifth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;
2. Issue a Writ of Habeas Corpus ordering Respondents to release Gurleen Singh from custody immediately and permanently enjoining his re-detention during the pendency of his removal proceeding absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that he is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks;
3. Direct Respondent's to Return any and all personal property seized at the time of the arrest;
4. Declare that Gurleen's re-detention while removal proceedings are ongoing without first providing an individualized determination before a neutral decision maker violates the Due Process Clause of the Fifth Amendment;
5. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and
6. Grant any other and further relief that this Court deems just and proper.

//

PETITION FOR WRIT OF HABEAS CORPUS - 11

Respectfully submitted,

Dated: March 11, 2026

<u>/s/ Prince Girn</u>
Sukhveer S. Girn (aka Prince Singh Girn)
CSB #332145
Rai & Associates
235 Montgomery Street, Suite 860
San Francisco, CA 94104
Tel:    (415) 693-9131
Attorney for Petitioner

PETITION FOR WRIT OF HABEAS CORPUS - 12

# EXHIBITS

**Exhibit A:** Notice to Appear (NTA)

**Exhibit B:** Notice of Custody Determination (Form I-286)

**Exhibit C:** ICE Detention Information / Detainee Locator Record