IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GURLEEN SINGH,

              Petitioner,

      vs.

WARDEN, Cass County Jail, Plattsmouth, Nebraska;  FIELD OFFICE DIRECTOR, Omaha Field Office, U.S. Immigration and Customs Enforcement (ICE); TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE); KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS); and PAMELA BONDI, in her official capacity as Attorney General of the United States;

              Respondents.

**4:26CV3085**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Gurleen Singh's Petition for Writ of Habeas Corpus. Filing No. 1.  He argues he is being unlawfully detained because he is being denied a bond re-hearing before an immigration judge.  Respondents argue Petitioner is not entitled to a bond hearing because he is subject to mandatory detention as an alien seeking admission.  For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Petitioner a bond determination hearing in immigration court.

I.      **BACKGROUND**

Petitioner is a native and citizen of India. Filing No. 9 at 3.  He entered the United States on April 27, 2023, without inspection, and was apprehended and served a notice to appear by Border Patrol agents on May 2, 2023. *Id.*  On May 15, 2023, Petitioner was

1

released on a $5,000 bond set by an immigration judge and given a court date for his removal case in 2029. *Id.* On February 8, 2025, Petitioner was arrested for driving under the influence. *Id.* at 4. On March 2, 2026, Petitioner was arrested during a traffic stop in Iowa and found to be in possession of a revoked driver's license. *Id.* ICE took Petitioner into custody and transported him to Omaha. *Id.* Respondents allege Petitioner's bond was cancelled because "[t]he pending criminal charge of Driving Under the Influence in California would constitute as a violation of the Petitioner's bond." *Id.* But the cancellation notice itself makes no reference to a violation, stating only that "the conditions of the immigration bond . . . have been satisfied and the bond is cancelled" and instructing the obligor how to receive their money back. Filing No. 9-3 at 1.

Petitioner remains detained at the Cass County Jail and is scheduled to appear before an immigration judge on April 1, 2026. Filing No. 9 at 4.

Petitioner seeks a writ of habeas corpus releasing him. Filing No. 1 at 24–25.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Respondents argue Petitioner is properly detained as an arriving alien seeking admission under the mandatory detention clause of 8 U.S.C. § 1225. Although they

assert that Petitioner's drunk driving charge constitutes a basis to revoke his previously issued bond, they do not assert a neutral fact-finder made any determination as to Petitioner's danger or flight risk based on this criminal charge.  Rather, they rely solely on the argument that Petitioner is an arriving alien seeking admission in arguing they have authority to detain him now.  Accordingly, the bond cancellation is immaterial to the legality of Petitioner's present detention.

The undersigned has already addressed the legal issue presented in this case in *Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328 (D. Neb. Jan. 8, 2026). Respondents have not explained how this case differs, and the Court sees no reason to depart from its prior reasoning.  The Fifth Circuit Court of Appeals' recent decision to the contrary is not binding on this Court.  *See Buenrostro-Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

In short, the Court concludes Respondents' interpretation of the INA is incorrect. A noncitizen who was apprehended after already being present in the United States is not an arriving alien seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See Chavez Avila*, 2026 WL 63328, at *2–3.  Rather, such a noncitizen must be detained pursuant to a warrant and afforded a prompt bond determination before an immigration judge pursuant to 8 U.S.C. § 1226(a).  *Id.*

Petitioner must be afforded a prompt bond determination before an immigration judge.  Therefore,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

3

2.  Petitioner's Motion for Temporary Restraining Order, Filing No. 3, is denied as moot.

3.  Respondents shall promptly afford Petitioner a bond re-determination hearing pursuant to 8 U.S.C. § 1226.

4.  On or before **March 26, 2026**, respondents shall file a status update regarding Petitioner's bond hearing.

5.  The Court will enter a separate judgment.

Dated this 18th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4